■ In the Matter of T. DONALD J. WHITE et al., Appellants, v DANIEL W. JOY, Respondent.—Judgment, Supreme Court, New York County (Peter McQuillan, J.), entered on July 26, 1984, affirmed, without costs and without disbursements, for the reasons stated by McQuillan, J., at Special Term. Concur—Murphy, P. J., Ross, Lynch and Kassal, JJ.

Kupferman, J., dissents in part in the following memorandum: The court at Special Term dismissed the petition in this article 78 proceeding to vacate two separate orders of the New York State Department of Housing and Community Renewal (successor to the Housing Preservation and Development Department of the City of New York, Rent Control Division). One order found the petitioners (corporations and their president) guilty of harassment of the rent controlled tenant, and the other determination that the apartment should not be decontrolled.

I would reverse and reinstate the petition as to decontrol.

The issue is whether the tenant, who pays $58.75 per month, has the apartment in this building on Hudson Street in Manhattan as his primary residence.

As the court at Special Term found, the tenant has maintained two regulated residences on a permanent basis and contends that the residence in question in which he has not resided for almost five years, was not habitable by virtue of harassment.

While harassment, if any, was not determined until October

1982, it is clear that the tenant cannot have two primary residences, both of which are regulated.

The second residence, in which the tenant lives, is Westbeth, a fully subsidized, nonprofit artists' housing complex located just a few blocks from the Hudson Street apartment. It should also be noted that the tenant has an up-State residence, from which his driver's license issues. The tenant is a sculptor, and by virtue of that fact was able to become a resident of Westbeth, which was originally initiated from seed money from the National Endowment for the Arts and from the J. M. Kaplan Fund. *(See, New York Times, Sunday, Nov. 24, 1985, p 56.)*

It makes no sense *(see, Matter of Century Corp. v Popolizio,* 60 NY2d 483, 488), for this tenant to be permitted to have a primary residence at Westbeth and a pied-à-terre just a few blocks away, for which the rent is so low that he can maintain it with pocket money, while the landlord seeks the use for his restaurant business, which is on the floor below.